■ MICHAEL J. CHRISTIE, Appellant, v RANIERI AND SONS et al., Respondents. [599 NYS2d 271] —Orders, Supreme Court, Bronx County (Hansel McGee, J.), entered on or about June 22 and November 17, 1992, which, respectively, granted defendant Ranieri and Sons' motion for summary judgment dismissing the complaint against it and denied plaintiff's cross motion for summary judgment as to liability against both defendants, and granted reargument, but upon reargument, adhered to the original determination, unanimously modified, on the law, to the extent of denying Ranieri's motion for summary judgment, without costs.

Plaintiff's mother entered into a contract with defendant Ranieri to construct a three family home on her property. The work included the demolition and removal of two existing garages on her property. Ranieri hired Frank Tricarico Contractors to perform the demolition work. At the time of plaintiff's accident, Tricarico was removing a steel, roll-up garage door from one of the garages using a track loader with a four-in-one bucket. The power of the equipment involved was aptly described by Frank Tricarico: "The bucket is about five feet high, must weigh 10,000 pounds, two tremendous pistons on it, tremendous force. You open the bucket, proceed to grab it, grab the roll-up door, close the bucket and pull the door off the masonry."

Plaintiff, who stood on the sidewalk adjacent to the property videotaping the work in progress, was struck by a door frame which had been torn loose and propelled.

The IAS Court erred in granting Ranieri's motion for summary judgment dismissing the complaint on the ground that plaintiff's proof failed to raise an issue of fact whether the removal of the garages constituted an " 'inherently dangerous' " operation. To succeed on its motion for summary judgment, defendant was required to show, as a matter of law, that demolition of the garages was not inherently dangerous (CPLR 3212). In our view, defendant failed to meet this burden.

As a general rule, an employer of an independent contractor is not responsible for the contractor's torts (Rosenberg v Equitable Life Assur. Socy., 79 NY2d 663, 668). A basic exception to this rule is the principle that one who employs an independent contractor to do work which the employer knows or has reason to know involves special dangers inherent in the work is subject to liability for injuries caused by the failure of an independent contractor to take reasonable precautions against such danger (supra). Before this exception applies, it must appear not only that the work involves a risk of harm inherent in the nature of the work itself, but also that the employer recognizes or should recognize that risk in advance of the contract (supra, at 669).

Issues surrounding the liability of an employer for the alleged negligence of a hired contractor have been held to be determinations properly made as a matter of law in some instances (e.g., supra; Fischer v Battery Bldg. Maintenance Co., 135 AD2d 378). However, whether work is inherently dangerous is normally a question of fact to be determined by the jury (Rosenberg v Equitable Life Assur. Socy., supra, at 670; see, e.g., Montano v O'Connell, 186 AD2d 461).

Here, there was sufficient evidence in the record for a jury to conclude that demolition of the garages was an inherently dangerous activity, or an activity which was dangerous if special precautions were not taken. In Hanley v Central Sav. Bank (255 App Div 542, 543), we observed that "[d]emolition of a building in a crowded section of a city should be considered as inherently dangerous." Under such authority, the demolition of the garages could be found to be inherently dangerous since plaintiff contends that he was standing on a public sidewalk in a populated section of The Bronx when he was injured. Furthermore, a jury could find that the use of a 10,000 pound bucket to tear down a metal structure near a public roadway has foreseeable inherent dangers.

Even if demolition of the garages was not in and of itself

inherently dangerous, Ranieri may be held liable for the failure to take proper precautions to prevent the likelihood of injury *(Janice v State of New York,* 201 Misc 915). Plaintiff claims that if a fence had been erected around his mother's property, as required by sections 27-1021 and 27-1039 of the Administrative Code of the City of New York, his accident would not have occurred. Whereas Ranieri claims that section 27-1021 (a) (3) is inapplicable because it applies to the demolition of structures over 25 feet high, the only proof submitted on this issue was Frank Tricarico's deposition testimony that the structure in question was 15 to 16 feet high. In any case, even if the Building Code is inapplicable to the facts at hand, there is a triable issue of fact as to whether reasonable precautions were taken.

Plaintiff's cross motion for summary judgment against both defendants was properly denied. There are issues of fact whether the work performed was inherently dangerous and whether the aforesaid sections of the Administrative Code were violated. In any case, violation of these Code provisions is not a basis for the imposition of strict liability *(Conte v Large Scale Dev. Corp.,* 10 NY2d 20). Furthermore, demolition of the garages was not an abnormally dangerous activity *(Doundoulakis v Town of Hempstead,* 42 NY2d 440). Concur— Ellerin, J. P., Ross, Asch, Kassal and Rubin, JJ.