■ LORRAINE REEVES, Respondent, v MARK CHESBRO et al., Individually and Doing Business as CHESBRO EXCAVATING et al., Respondents, and EDWIN M. SOBLE, JR., Individually and Doing Business as SQUARE BUILDERS, Appellant, et al., Defendant. (Action No. 1.) (And Five Other Actions.) [628 NYS2d 902] —Order unanimously affirmed without costs. Memorandum: Following an explosion and fire that occurred at their home during a housewarming party, Carl J. Caltabiano, Jr., and Kathleen Caltabiano and various party guests commenced actions against, *inter alia,* defendant Soble, individually and doing business as Square Builders (Soble), the general contractor, and the remaining defendants, who performed excavation services, installed propane lines and supplied propane gas service. The complaints alleged that Soble had himself been negligent and that he was vicariously liable for the negligence of subcontractors. Supreme Court properly denied the motion of Soble for summary judgment dismissing the complaints against him. With respect to direct negligence, the parties opposing the motion raised issues of fact whether Soble had agreed to be responsible for overseeing the entire project. With respect to vicarious liability, the parties opposing the motion raised an issue of fact whether the installation of the propane lines was inherently dangerous. A contractor may be held vicariously liable for the acts of an independent contractor employed by him to perform inherently dangerous work *(see, Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668-670, *rearg dismissed* 82 NY2d 825; *Reid v Styco of Rochester,* 214 AD2d 955). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.— Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.