■ Mary H. Beck, Respondent, v Woodward Affiliates et al., Appellants. [640 NYS2d 205] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated

October 3, 1994, which, after a nonjury trial finding the defendant Woodward Affiliates 20% at fault, the defendant Woodward Broadway Hotel Corp. 20% at fault, and the defendant Ratton Waterproofing & Painting Company 60% at fault in the happening of the accident, is in favor of the plaintiff and against them in the principal sum of $450,000, representing $150,000 for past pain and suffering and $300,000 for future pain and suffering, and apportioned liability among the defendants.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the provision thereof which awards judgment in favor of the plaintiff and against the defendant Woodward Affiliates and substituting therefor a provision dismissing the complaint insofar as asserted against that defendant, (2) deleting the provision thereof which apportioned liability and substituting therefor a provision awarding judgment in favor of the plaintiff and against the defendants Ratton Waterproofing & Painting Company and Woodward Broadway Hotel Corporation, (3) adding a provision thereto awarding judgment in favor of Woodward Broadway Hotel Corporation on its cross claim for indemnification against the defendant Ratton Waterproofing & Painting Company, and (4) deleting the provision thereof which awarded the plaintiff the principal sum of $450,000 and substituting therefor a provision awarding the plaintiff the principal sum of $75,000, representing $50,000 for past pain and suffering, and $25,000 for future pain and suffering; as so modified, the judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

In 1988, the defendant Ratton Waterproofing & Painting Company (hereinafter Ratton), an independent contractor, was hired by the defendant Woodward Broadway Hotel Corp. (hereinafter WBHC), to clean and waterproof the facade of a building which WBHC leased from the defendant Woodward Affiliates (hereinafter Woodward), the owner of the building and land (hereinafter the premises). In the process of cleaning the building, Ratton applied a product which contained, *inter alia,* a chemical known as hydrofluoride, and removed the product with a steam cleaning machine that used water. During the steam cleaning process, the water and chemical ran down the side of the building to the sidewalk.

The plaintiff was injured on November 24, 1988, when she leaned against the building for about five minutes while watching the Macy's Thanksgiving Parade. As a result the plaintiff sustained chemical burns to both buttocks and thereafter com-

menced this action against the defendants. During the trial, the plaintiff's expert in chemistry stated that the product used by Ratton was inherently dangerous since it contained, *inter alia,* hydrofluoric acid, the strongest of all acids which, upon contact with skin, would result in destruction of the tissue. The expert further testified that the plaintiff's chemical burns occurred because the product was not completely removed by Ratton and, when it rained, the run-off left an acidic residue on ledges and areas of the building where a person might lean.

Contrary to the finding of the Supreme Court, liability cannot be imposed upon Woodward, the owner of the premises, based upon violations of the Administrative Code of the City of New York §§ 27-127, 27-128. While these provisions generally impose a nondelegable duty upon an owner to safely maintain its premises (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Worth Distribs. v Latham,* 59 NY2d 231), there was no specific structural or design defect in the facade of this building which would give rise to liability under the Administrative Code (*see, e.g., Guzman v Haven Plaza Hous. Dev. Fund Co., supra; Worth Distribs. v Latham, supra; Blousman v Weil,* 275 App Div 384, 386). In addition, there is no basis to impose direct liability upon Woodward independent of the Administrative Code since there is no evidence that Woodward had actual or constructive notice of the defective condition caused by Ratton's improper removal of the chemical from the building's facade (*see, e.g., Blousman v Weil, supra*).

There is also no basis for imposing liability upon WBCH, the lessee of the building, for violation of the Administrative Code of the City of New York since the provisions contained therein are applicable only to owners of buildings (*see,* Administrative Code §§ 27-127, 27-128). Nonetheless, WBHC is vicariously liable for the acts of its independent contractor, Ratton, based on the inherently dangerous nature of the work performed (*see, Chainani v Board of Educ.,* 87 NY2d 370; *Kleeman v Rheingold,* 81 NY2d 270, 274-275, n 2; *Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 669). The use of hydrofluoric acid to clean the facade of a building in a public place is an inherently dangerous activity, and it is foreseeable that pedestrians who come into contact with the exterior of a building on which this chemical has been applied or improperly removed would be injured (*see, e.g., Reeves v Chesbro,* 216 AD2d 889; *Christie v Ranieri & Sons,* 194 AD2d 453, 454-455; *cf., DeHaan v Whink Prods. Co.,* 1994 WL 24322 [ND Ill, 1994]; *Olson v Prosoco, Inc.,* 522 NW2d 284 [Iowa]; *Tessler v Union Free Dist. No. 6,* 43 AD2d 867; *Malitovsky v Harshaw Chem. Co.,*

360 Pa 279, 61 A2d 846, 847; *Hopper v Cooper & Co.,* 104 NJL 93, 139 A 19). Thus Ratton's work involved a risk of harm inherent in the nature of the work itself and WBHC should have recognized that risk in advance of the contract *(see, Chainani v Board of Educ., supra).*

However, inasmuch as the evidence fully supported the conclusion that Ratton negligently removed the product from the building's facade, which proximately caused the plaintiff's injuries, and since we find that WBHC is only vicariously liable therefor, WBHC is entitled to judgment on its cross claim for indemnification against Ratton *(see, Mas v Two Bridges Assocs.,* 75 NY2d 680, 687-689; *Kavanaugh v Nussbaum,* 71 NY2d 535).

The damages award of $150,000 for past pain and suffering and $300,000 for future pain and suffering is excessive, given the small scarred area which resulted from the burn, the concealed nature of the scar, and the lack of any need for corrective surgery or of any evidence of long-term disability *(see,* CPLR 5501 [c]; *see also, Hicks v State of New York,* 124 AD2d 949, 950).

The parties' remaining contentions are either without merit or unpreserved for appellate review. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.