■ ODELIA TAYLOR, Appellant, v PARK TOWERS SOUTH CO., Defendant and Third-Party Plaintiff-Respondent, and WAVECREST PROPERTIES, INC., Respondent. ROBERT FROM et al., Third-Party Defendants-Respondents. [740 NYS2d 453] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated September 27, 2000, which upon the granting of the defendants' motion pursuant to CPLR 4401 made at the close of the plaintiff's case for judgment as a matter of law on the ground that the plaintiff failed to prove a prima facie case, dismissed the complaint and the third-party complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured when a paper towel dispenser she was using fell and struck her arm, causing her to fall to the floor. The accident occurred in the office leased by the third-party defendant dentists, in a building allegedly owned by the defendants Park Towers South Co. (hereinafter PTS) and

Wavecrest Properties, Inc. Alleging negligent maintenance of the dispenser, the plaintiff commenced this action against the defendants. At the close of the plaintiff's case, the defendants successfully moved for judgment as a matter of law and dismissal of the complaint. The plaintiff appeals. We affirm.

Generally, a landlord may be held liable for injuries caused by a defective condition on leased premises when the landlord is statutorily or contractually obligated to maintain the premises and reserves a right to reenter for inspection or repair (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 642; *Dufficy v Wharf Bar & Grill,* 217 AD2d 646). Here, the defendants retained the right to reenter the demised premises, but were not obligated by the lease to maintain them. Moreover, the statutory provisions upon which the plaintiff relies are inapposite. Administrative Code of the City of New York § 27-128 is unavailing because it imposes only a general duty to maintain the premises, and the alleged defect was not structural in nature (*see Lane v Fisher Park Lane Co.,* 276 AD2d 136, 141-142; *Ortiz v RVC Realty Co.,* 253 AD2d 802, 803; *Beck v Woodward Affiliates,* 226 AD2d 328, 330). Multiple Dwelling Law § 78 is also inapplicable because there was no evidence that the building was in disrepair (*see Kowalski v Johnson,* 247 AD2d 514; *Mercado v Slope Assoc.,* 246 AD2d 581). The defendants also cannot be held liable for the purported and allegedly negligent installation of the dispenser by an employee of PTS, since the record established that, even if the employee had installed the dispenser, such installation would be outside the scope of his employment (*see Adams v New York City Tr. Auth.,* 88 NY2d 116, 119; *Johnson v Daily News,* 34 NY2d 33; *Rausman v Baugh,* 248 AD2d 8). Since there was "no rational process by which the fact trier could base a finding in favor of the [plaintiff]," the Supreme Court properly granted the defendants judgment as a matter of law (*Szczerbiak v Pilat,* 90 NY2d 553, 556).

In light of our determination, we need not reach the plaintiff's remaining contentions. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.