RAMONA DIXON, Respondent-Appellant, v VILLAGE OF SPRING VALLEY et al., Appellants-Respondents, and TOWN OF RAMAPO et al., Respondents. [774 NYS2d 574]—

In an action to recover damages for wrongful death, (1) the defendants Village of Spring Valley, Spring Valley Police Department, and Peter Russell appeal from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated May 9, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted the cross motion of the defendants Town of Ramapo and Ramapo Police Department for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Village of Spring Valley, Spring Valley Police Department, and Peter Russell which was for summary judgment

dismissing the plaintiff's cause of action alleging negligent hiring, training, or supervision insofar as asserted against them and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Town of Ramapo and Ramapo Police Department payable by the plaintiff.

The plaintiff commenced this wrongful death action based on the defendants' alleged negligent failure to timely and properly respond to her emergency call for help during the severe asthma attack of her sister, the decedent Janice Dixon.

As a general rule, a municipality may not be held liable for injuries resulting from the negligent performance of a governmental function. An exception to the general rule is recognized when a special relationship exists between the injured party and the municipality. To establish a special relationship, four elements must be demonstrated: (1) the assumption by the municipality through promises or actions of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of the municipality that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) justifiable reliance by the injured party on the municipality's affirmative undertaking (see Mastroianni v County of Suffolk, 91 NY2d 198, 203 [1997]; Cuffy v City of New York, 69 NY2d 255, 260 [1987]).

The Supreme Court properly held that since there was no direct contact between the decedent or the plaintiff and the defendants Town of Ramapo and Ramapo Police Department, no special relationship existed as to them, and the claim asserted against them is barred by the doctrine of governmental immunity (see Merced v City of New York, 75 NY2d 798 [1990]).

Contrary to the contention of the defendants Village of Spring Valley, Spring Valley Police Department, and Peter Russell, the Supreme Court properly concluded that it cannot be said as a matter of law that the elements of a special relationship do not exist as to them. However, those defendants correctly assert that the plaintiff's failure to set forth any allegations in her notice of claim concerning negligent hiring, training, or supervision on their part mandate that this cause of action against them must be dismissed pursuant to General Municipal Law § 50-e (2) (see Bryant v City of New York, 188 AD2d 445 [1992]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.