■ LuJean Colon, Respondent, v New York City Housing Authority et al., Appellants. [805 NYS2d 601]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Barasch, J.), entered November 22, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped and fell on snow and ice accumulated on an outdoor stairway of premises owned by the defendant New York City Housing Authority and managed by the defendant Marion Scott Realty.

The defendants established their prima facie entitlement to summary judgment by demonstrating that there was ongoing precipitation at the time of the plaintiff's accident and that an adequate amount of time had not passed for them to remedy any hazardous condition resulting from the accumulation of snow and ice (see Gor v High View Estates Owners Corp., 17 AD3d 316, 317 [2005], lv denied 5 NY3d 709 [2005]; Dowden v Long Is. R.R., 305 AD2d 631 [2003]; Whitt v St. John's Episcopal Hosp., 258 AD2d 648 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact concerning the defendants' negligence.

Further, the defendants correctly assert that the plaintiff's failure to set forth any allegations in his notice of claim concerning negligent training or supervision on their part, or improper construction and repair of the stairs, requires that these causes of action be dismissed pursuant to General Municipal Law § 50-e (2) (see Dixon v Village of Spring Val., 6 AD3d 489, 490 [2004]; Bryant v City of New York, 188 AD2d 445, 446 [1992]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.