■ WILLIAM LINK, Respondent, v CITY OF NEW YORK et al., Appellants. [825 NYS2d 518]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated December 21, 2005, which denied

their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is granted, and that branch of the motion which was for summary judgment dismissing the complaint is denied as academic.

"A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to him or her" (*Quinto v New York City Tr. Auth.*, 7 AD3d 689, 689-690 [2004]; *see Williams v City of New York*, 2 NY3d 352 [2004]; *Galapo v City of New York*, 95 NY2d 568 [2000]). Liberally construing the allegations of the complaint, as amplified by the bill of particulars, accepting the allegations of the complaint as true, and providing the plaintiff with the benefit of every possible favorable inference (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]), the complaint fails to allege a specific statute, ordinance, or regulatory predicate for relief pursuant to General Municipal Law § 205-e.

Neither the general public safety standard codified in Labor Law § 27-a nor the requirements of the New York City Police Department Patrol Guide are adequate for this purpose (*see Williams v City of New York, supra* at 367-368; *Galapo v City of New York, supra* at 574-576; *Flynn v City of New York*, 258 AD2d 129 [1999]). Moreover, the Occupational Safety and Health Administration regulations relied upon by the plaintiff apply to environmental and construction hazards and therefore do not constitute "a well-developed body of law containing particularized mandates or imposing a clear legal duty" on the defendants (*Abbadessa v City of New York*, 269 AD2d 341, 341-342 [2000]; *see Desmond v City of New York*, 88 NY2d 455, 464 [1996]). Finally, since the plaintiff was performing his official duties as a police officer at the time of the incident, his common-law negligence cause of action is barred by General Obligations Law § 11-106 (*see Brady v City of New Rochelle*, 296 AD2d 365, 366 [2002]). Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.