OPINION OF THE COURT
Thomas P. Aliotta, J.
The motion (No. 587) of defendant, the City of New York, and the cross motion (No. 1958) of plaintiff Anthony Marsillo, both of which are for summary judgment, are decided as follows.
This matter arises out of an August 2, 2002 trip and fall on an allegedly defective step leading to the entrance of a building leased by the City at 111 Canal Street, Staten Island, New York. As is relevant, plaintiff, a sergeant at the 120th Precinct, claims to have sustained extensive personal injuries upon responding to a call from a fellow officer advising of a flood at the subject location. At his General Municipal Law § 50-h hearing, plaintiff testified that he drove a police van to 111 Canal Street, pulled the van “flush” or adjacent to the front steps (which were then covered with water and sewage), and stepped onto the top step. At this point, plaintiffs left foot allegedly “went into a seam of the top step where there was concrete missing . . . [and] got caught in the crevice.” More specifically, plaintiff stated that his left foot “got lodged in that crack . . . where there was a gap in the seam because there was concrete missing and then [he] fell going forward” (see City’s exhibit G at 25-26). In support of its motion to dismiss, the City argues that plaintiffs cause of action for common-law negligence is barred by the so-called “firefighter’s rule” since the accident occurred while performing an act “taken in furtherance of a specific police or firefighting function [which] exposed the officer to a heightened risk of sustaining the particular injury” (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 439 [1995]). Moreover, it is claimed that plaintiff cannot sustain his General Municipal Law § 205-e cause of action, since he cannot prove that noncompliance with a well developed body of law or regulation was the cause of his injury. Finally, the City claims that the Administrative Code of the City of New York sections cited by plaintiff cannot serve as a predicate for liability under General Municipal Law § 205-e.
It is well settled that the firefighter’s rule bars only those claims of injury that arise out of the specific dangers associated with police work (see Delio v City of New York, 8 AD3d 325 [2004]). Where the injuries sustained in the line of duty “are wholly unrelated to the assumed risks of police duty,” the *614 common-law recovery remains viable (Cooper v City of New York, 81 NY2d 584, 592 [1993]; see Tighe v City of Yonkers, 284 AD2d 325 [2001]).
Here, it is the opinion of this court that plaintiffs cause of action for common-law negligence must be dismissed, as it is undisputed that the trip and fall occurred while plaintiff was responding to an emergency call from a brother officer. It cannot be gainsaid that part of the risk subsumed by plaintiffs official duties was the possibility of injury while rushing to the scene of an emergency (see Cooper v City of New York, 81 NY2d at 589-591).
Contrariwise, that portion of the City’s motion which seeks dismissal of plaintiffs General Municipal Law § 205-e cause of action is denied. General Municipal Law § 205-e was enacted to provide a statutory remedy to police officers who are injured in the line of duty as the result of a third party’s “negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties” (Galapo v City of New York, 95 NY2d 568, 574 [2000] [internal quotation marks omitted]). To make out a valid claim under General Municipal Law § 205-e, a plaintiff must “[1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which [he or she] was injured, and [3] set forth those facts from which it may be inferred that the defendant’s negligence directly or indirectly caused the harm” (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d at 441). On a motion to dismiss, however, it is defendant which bears the initial burden of showing that it did not negligently violate any relevant regulatory provision or, if it did, that the violation did not directly or indirectly cause plaintiffs injuries. It is only if defendant sustains this burden that the plaintiff must raise a triable issue of fact as to the alleged violation and its causal relationship to the injury (see Giuffrida v Citibank Corp., 100 NY2d 72, 82 [2003]).
Here, the City is correct in asserting that the alleged violations of Administrative Code of the City of New York §§ 27-127 and 27-128 constitute an insufficient predicate for liability under section 205-e, as these sections have consistently been applied to structural or design defects (see e.g. Beck v Woodward Affiliates, 226 AD2d 328, 330 [1996]). Clearly, the opinion of plaintiffs expert to the effect that the open joint between the adjacent steps was likely caused by a succession of thaw and freeze cycles over a two-year period (see plaintiffs exhibit B) *615 does not establish the presence of a structural or design defect. Moreover, these Code provisions are inapplicable to lessees such as the City (id. at 330). Equally unavailing are the alleged violations of Administrative Code § 27-375 (e) (2) (risers and treads); (f) (guards and handrails); § 27-376 (exterior stairs); and § 27-377 (ramps). Finally, plaintiffs claimed violation of article 18 of the Executive Law, the New York State Uniform Fire Prevention and Building Code Act, will not support a cause of action under section 205-e where, as here, he has failed to cite a single section of the Act that was purportedly violated by the City.
However, plaintiff is correct to advance the purported violation of section 27-a (3) (a) (1) of the Labor Law in support of his General Municipal Law § 205-e cause of action. That section provides that
“[e]very employer shall . . . furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees” (Labor Law § 27-a [3] [a] [1]).
Patently, the duty to provide workers with a place of employment that is reasonably free from tripping hazards devolves from “a well-developed body of law containing particularized mandates or imposing a clear legal duty” (Link v City of New York, 34 AD3d 757, 758 [2006], quoting Abbadessa v City of New York, 269 AD2d 341, 341-342 [2000] [internal quotation marks omitted]). Thus, so much of the City’s motion as seeks the dismissal of plaintiffs General Municipal Law § 205-e cause of action must be denied.
As for plaintiffs cross motion to strike the City’s affirmative defenses and for summary judgment on the issue of liability under General Municipal Law § 205-e, the photographs and explanations furnished by plaintiffs expert are insufficient to compel the conclusion that the alleged defect was a longstanding condition. Rather, the testimony of the City’s witness, Ms. Blackmun, as to her regular inspections of the subject staircase serves to raise a triable issue of fact as to the City’s actual or constructive notice of the alleged defect (cf. Campbell v City of New York, 31 AD3d 594 [2006]).
Accordingly, it is ordered that the motion for summary judgment of the defendant the City of New York is granted to the *616 extent that plaintiffs cause of action for common-law negligence is severed and dismissed; and it is further ordered that so much of plaintiffs General Municipal Law § 205-e cause of action as is predicated upon alleged violations of the Administrative Code of the City of New York and the Executive Law may not be asserted at trial; and it is further ordered that the balance of the motions are denied.