■ MICHAEL J. PRONTI, Doing Business as BEST CONSTRUCTION COMPANY, Appellant, v FREDERICK M. BELLETTI et al., Respondents, et al., Defendant. [853 NYS2d 692]—

Carpinello, J.

This action stems from a contract between plaintiff and defendants Frederick M. Belletti and Roberta A. Belletti (hereinafter collectively referred to as defendants) in which plaintiff agreed "to arrange," purportedly through an independent contractor, for the replacement of the roof on their residence. Plaintiff now sues for the balance due on the contract and the foreclosure of a mechanic's lien he filed. In response, defendants allege that the interior of their home suffered extensive water damage during the course of the work because the roof was improperly left uncovered during a rainstorm. In addition, they assert that the repair work was performed in an unworkmanlike manner requiring the hiring of another contractor to remedy it. As a result, they claim damages far in excess of the amount allegedly owed to plaintiff under the contract. The instant appeal arises from Supreme Court's denial of plaintiff's motion for summary judgment. We affirm.

Numerous factual issues remain unresolved in the record, including inconsistencies in plaintiff's own motion papers. The contract between the parties recites that plaintiff would neither furnish nor install the materials for the job but that an independent contractor would be selected by plaintiff to do so. In contrast, plaintiff's mechanic's lien avers that he performed the labor and furnished the materials for the job. As to plaintiff's argument that the contract bars defendants' claims of interior

damage and defective workmanship because they were not timely made, such a provision does not bar challenges to the quality of the work when "those challenges are raised in the context of defending plaintiff's legal action for payment due under the contract" (*United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 22 AD3d 1017, 1022 [2005]).

Plaintiff's remaining contentions have been considered and rejected as without merit.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.