ERIE INSURANCE COMPANY, as Subrogee of FRED BELLETTI et al., Respondent, v MICHAEL J. PRONTI, Doing Business as BEST CONSTRUCTION COMPANY, Appellant. [860 NYS2d 237]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (O'Shea, J.), entered December 20, 2007 in Chemung County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

The facts surrounding the instant roofing repair job have been before this Court on two prior occasions (*Pronti v Belletti*, 49 AD3d 1075 [2008]; *Pronti v Belletti*, 37 AD3d 966 [2007]). Defendant now appeals from an order of Supreme Court granting plaintiff's motion for summary judgment. Finding no error in this determination, we affirm.

In support of its application, plaintiff established that during the course of the roofing work, no tarp was placed over the exposed roof and the interior of the residence suffered extensive water damage as the result of a rainstorm in the middle of the night. Plaintiff, having been obligated to reimburse its insureds for the cost of repairing the damage, sought summary judgment against defendant for negligent performance of the job. In response, defendant raised a number of legal arguments without ever sufficiently disputing these underlying facts. Among them is defendant's claim that he never agreed to perform the work himself but, rather, agreed "to arrange with an independent contractor [who happens to be his son in this case] to furnish the materials and make the installation" and thus he can have no liability for the claimed negligence of this independent contractor. We disagree.

One who retains an independent contractor can be liable for the latter's negligence where "the work involves a risk of harm inherent in the nature of the work itself" and that person "recognizes or should recognize that risk in advance" of the performance of the work (*Christie v Ranieri & Sons*, 194 AD2d 453, 454 [1993]). The failure to place a tarp over an exposed roof and the potential damaging consequences as a result thereof was a risk inherent in the job which should have been patently apparent to defendant. Under these circumstances, we find no basis for denying plaintiff its equitable right as an insurer to be reimbursed by the party responsible for the loss (*see Federal Ins. Co. v Arthur Andersen & Co.*, 75 NY2d 366, 372 [1990]). To the extent not otherwise addressed, defendant's remaining contentions have been rendered academic by our decision or have been considered and rejected as without merit.

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the order and judgment are affirmed, with costs.