MARYELLYN KELLY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [20 NYS3d 572]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered June 2, 2014, which granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for leave to serve a further supplemental bill of particulars.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Maryellyn Kelly (hereinafter the injured plaintiff), was allegedly injured in the course of her employment as a police officer in New York City while she was assigned to a medical unit located at 1 LeFrak Plaza, in Queens. According to the injured plaintiff's deposition testimony, her foot became caught on a loose power cord which extended across the office floor from a paper shredder, and she fell straight forward into a doorway, thereby allegedly injuring her back and left ankle. Subsequently, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, asserting causes of action to recover damages for common-law negligence and pursuant to General Municipal Law § 205-e. During the pendency of the action, the defendants moved for summary judgment dismissing the complaint, contending that the action was barred by the firefighter rule, that they did not have actual or constructive notice of any dangerous condition, and that the provisions alleged by the injured plaintiff to be predicates for liability under General Municipal Law § 205-e were not proper to sustain that claim.

The Supreme Court granted the motion, determining that the action was barred by the firefighter rule and that the predicates alleged for liability under General Municipal Law § 205-e were not established, and denied the plaintiffs' cross motion for leave to serve a supplemental bill of particulars.

The firefighter rule provides that police and firefighters may not recover in common-law negligence for line-of-duty injuries resulting from risks associated with the particular dangers inherent in that type of employment (*see Wadler v City of New York*, 14 NY3d 192, 194 [2010]; *Gammons v City of New York*, 109 AD3d 189, 193 [2013], *affd* 24 NY3d 562 [2014]). "[T]he rule bars an officer's . . . recovery 'when the performance of his or her duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury' " (*Wadler v City of New York*, 14 NY3d at 194-195, quoting *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 436 [1995]).

Here, the defendants failed to establish, prima facie, that the firefighter rule barred the plaintiffs' cause of action alleging common-law negligence. The injured plaintiff's injury did not occur during an act in furtherance of a police function which exposed her to a heightened risk of sustaining that injury. The performance of her duties merely furnished the occasion for the injury. Furthermore, the defendants failed to establish, prima facie, that they did not have constructive notice of the condition complained of (*see Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]). Therefore, the Supreme Court erred in directing dismissal of the plaintiffs' common-law negligence cause of action.

The Supreme Court also erred in dismissing the plaintiffs' cause of action pursuant to General Municipal Law § 205-e. General Municipal Law § 205-e permits a police officer to assert a tort claim against a fellow officer or an employer. To establish a cause of action under General Municipal Law § 205-e, a police officer plaintiff must (1) identify the statute or ordinance with which the defendant failed to comply, (2) describe the manner in which the police officer was injured, and (3) set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm (*see Williams v City of New York*, 2 NY3d 352, 363 [2004]; *Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003]; *Gammons v City of New York*, 109 AD3d at 193). As a prerequisite to recovery pursuant to a General Municipal Law § 205-e cause of action, "a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear du-

ties" (*Galapo v City of New York*, 95 NY2d 568, 574 [2000] [internal quotation marks omitted]; *see Williams v City of New York*, 2 NY3d at 364).

Here, the plaintiffs predicate their General Municipal Law § 205-e cause of action on Labor Law § 27-a (3) (a) (1). The Supreme Court correctly determined that Labor Law § 27-a (3) (a) (1) may appropriately serve as a statutory predicate for a section 205-e cause of action, and does so here (*see Gammons v City of New York*, 109 AD3d at 193). However, contrary to the Supreme Court's determination, the defendants failed to satisfy their threshold burden on their motion for summary judgment by providing proof of their assertion that the subject injuries were not the result of a "recognized hazard" within the meaning of Labor Law § 27-a (3) (a) (1) (*see Gammons v City of New York*, 24 NY3d at 574). Therefore, the Supreme Court erred in dismissing the plaintiffs' General Municipal Law § 205-e cause of action predicated on a violation of Labor Law § 27-a (3) (a) (1).

The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion to supplement their bill of particulars to allege a violation of Administrative Code of the City of New York § 28-301.1 as an additional predicate for liability under General Municipal Law § 205-e. Leave to amend or supplement the pleadings to so identify the relevant Code provision may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant (*see Galarraga v City of New York*, 54 AD3d 308, 310 [2008]; *Dowd v City of New York*, 40 AD3d 908 [2007]). Here, although a violation of Administrative Code of the City of New York § 28-301.1 may serve as a predicate for liability under General Municipal Law § 205-e, the plaintiffs failed to show its applicability since the subject cord did not constitute a specific structural or design defect giving rise to liability under the Administrative Code (*see Taylor v Park Towers S. Co.*, 293 AD2d 668, 668 [2002]; *Beck v Woodward Affiliates*, 226 AD2d 328, 330 [1996]; *see also Cusumano v City of New York*, 15 NY3d 319, 327 [2010, Lippman, J., concurring]; *Marsillo v City of New York*, 17 Misc 3d 612 [Sup Ct, Richmond County 2007]). Chambers, J.P., Hall, Duffy and Barros, JJ., concur.