(July 27, 2016)

■ GARY D'ANDREA, Respondent, v LAURA V. BOND, Appellant.
[35 NYS3d 474]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered May 29, 2015, as denied that branch of her motion which was for summary judgment dismissing the cause of action predicated upon General Municipal Law § 205-e.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action predicated upon General Municipal Law § 205-e is granted.

On November 25, 2012, during the course of his employment as a police officer, the plaintiff responded to a radio call that placed him in the vicinity of the defendant's property. The backyard of the defendant's property was enclosed by both stockade and chain link fences. On the ground next to a fence gate was a small pile of discarded stockade fencing. The defendant testified at her deposition that this pile was the remains of a former fence gate which had been damaged by Hurricane Sandy, and which had been taken down and replaced by a handyman. The plaintiff testified at his deposition that, upon arriving at the scene, he heard noises coming from the defendant's backyard, whereupon he stepped onto the pile of stockade fencing with two feet and lifted his leg to the top of the chain link fence to move higher and get a better look when the pile of fencing collapsed. He fell and his shoulder hit the ground.

In December 2012, the plaintiff commenced this action alleging a cause of action sounding in common-law negligence and a cause of action predicated upon General Municipal Law

§ 205-e. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the negligence cause of action, but concluded that there were triable issues of fact with regard to the General Municipal Law § 205-e cause of action. The defendant appeals.

"To establish a cause of action under General Municipal Law § 205-e, a police officer plaintiff must (1) identify the statute or ordinance with which the defendant failed to comply, (2) describe the manner in which the police officer was injured, and (3) set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm" (*Kelly v City of New York*, 134 AD3d 676, 677 [2015]; *see Williams v City of New York*, 2 NY3d 352, 363 [2004]; *Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003]). Here, the complaint alleged that the defendant failed to comply with, inter alia, Administrative Code of the City of New York § 28-301.1, which is entitled "Owner's responsibilities," and which states in relevant part that "[a]ll buildings and all parts thereof and all other structures shall be maintained in a safe condition." Liability under General Municipal Law § 205-e pursuant to this administrative code section is limited to structural or design defects (*see Kelly v City of New York*, 134 AD3d at 678; *Taylor v Park Towers S. Co.*, 293 AD2d 668, 668 [2002]; *Beck v Woodward Affiliates*, 226 AD2d 328, 330 [1996]; *see also Cusumano v City of New York*, 15 NY3d 319 [2010]; *Marsillo v City of New York*, 17 Misc 3d 612 [2007]). Here, the defendant established, prima facie, that the pile of stockade fencing was not a structural or design defect of any kind. In fact, the pile, as opposed to the fence itself, was not even a structure as that term is defined under Administrative Code of the City of New York § 27-232. Thus, the plaintiff failed to identify any statute or ordinance with which the defendant failed to comply, or facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm alleged in this case. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action predicated upon General Municipal Law § 205-e (*see Link v City of New York*, 34 AD3d 757 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.