Pomilla v Bangiyev (2021 NY Slip Op 04984)





Pomilla v Bangiyev


2021 NY Slip Op 04984


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-12171
 (Index No. 1590/15)

[*1]Joseph Pomilla, appellant, 
v
Arkadiy Bangiyev, respondent, et al., defendants (and third-party actions).


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser, Gabriel A. Arce-Yee, and Chris DelliCarpini of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Douglas Langholz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated September 29, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant Arkadiy Bangiyev which were for summary judgment dismissing so much of the cause of action pursuant to General Municipal Law § 205-a as was predicated on violations of Administrative Code of the City of New York §§ 28-301.1 and 29-107.5, and the cause of action alleging common-law negligence insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Arkadiy Bangiyev which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, a firefighter, allegedly was injured inside the home of the defendant Arkadiy Bangiyev (hereinafter the defendant) when he fell from a step while fighting a fire. The plaintiff commenced this action against, among others, the defendant, to recover damages for personal injuries, pursuant to General Municipal Law § 205-a predicated on violations of, inter alia, Administrative Code of the City of New York §§ 28-301.1 and 29-107.5, and common-law negligence. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the defendant's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action pursuant to General Municipal Law § 205-a as was predicated on violations of Administrative Code of the City of New York §§ 28-301.1 and 29-107.5 insofar as asserted against him. The defendant demonstrated, prima facie, that the dangerous condition which allegedly caused the plaintiff's injuries "did not constitute a specific structural or design defect giving rise to liability under the Administrative Code" (Kelly v City of New York, 134 AD3d 676, 678; see D'Andrea v [*2]Bond, 141 AD3d 682; Taylor v Park Towers S. Co., 293 AD2d 668, 668). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert, which consisted of impermissible legal conclusions (see Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc., 157 AD3d 769, 771; Penda v Duvall, 141 AD3d 1156), was insufficient to raise a triable issue of fact.
However, the Supreme Court should not have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against him. Contrary to the defendant's contention, the firefighter's rule does not bar this cause of action under the circumstances of this case (see General Obligations Law § 11-106). The defendant failed to establish that he lacked constructive notice of the debris on the stairway, including a box, which allegedly caused the plaintiff to fall (see Meade v New York City Hous. Auth., 189 AD3d 1390; Schiavone v Seaman Arms, LLC, 178 AD3d 529; Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 938; Radosta v Schechter, 171 AD3d 1112, 1113).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court