**Moench-Kelly v Circleline-Sightseeing Yachts, Inc.**

2024 NY Slip Op 33664(U)

October 16, 2024

Supreme Court, New York County

Docket Number: Index No. 156589/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ                         PART                    47

_Justice_

-------------------------------------------------------------------X

SHELLY MOENCH-KELLY, MICHAEL KELLY

INDEX NO.            156589/2019

Plaintiffs,

MOTION DATE            N/A

MOTION SEQ. NO.         002

- v -

CIRCLE LINE-SIGHTSEEING YACHTS, INC.,

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91

were read on this motion to/for                         JUDGMENT - SUMMARY                         .


In this personal injury action arising from plaintiff's[1] fall on a gangway connecting a

dock to a sightseeing cruise ship owned by defendant, defendant moves pursuant to CPLR §

3212 for summary judgment dismissing plaintiff's negligence action.

## BACKGROUND

On September 4, 2018, plaintiff stepped off the Circle Line Pier 83, located at West 42nd

Street and 12th Ave by the Hudson River, and onto a gangway leading to defendant's sightseeing

cruise ship (the ship) which was docked there (NYSCEF Doc No 63, ¶ 4). Video footage

submitted by plaintiff shows that the gangway had railings; was secured with ropes on both ends

by defendant's crew members; and had rollers under the ramp's shore side, allowing it to roll and

bob along with the water's movements. Plaintiff alleges that she was not given any warnings

---

[1] For the purposes of this decision and order, "plaintiff" shall refer to Shelly Moench-Kelly, as the party who was physically injured. Plaintiff Michael Kelly is Shelly's husband, alleging loss of support and consortium (NYSCEF Doc No 1 ¶ 17).

**156589/2019   MOENCH-KELLY, SHELLY vs. CIRCLE LINE-SIGHTSEEING                         Page 1 of 5
Motion No.  002**

about the moving condition of the gangway, nor did any crew member assist her in traversing it (NYSCEF Doc No 65, 49:17-50:21, 52:11-23). Plaintiff safely stepped onto and across the gangway from the pier, but when stepping off on the ship side, the gangway bobbed upwards and she lost her footing and fell on the deck, sustaining injuries (*id.*, 56:9-57:15).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of

**156589/2019   MOENCH-KELLY, SHELLY vs. CIRCLE LINE-SIGHTSEEING**
**Motion No.  002**

**Page 2 of 5**

[* 2]

fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Defendant argues that plaintiff's complaint should be dismissed because defendant established that it fulfilled its duty of reasonable care under the circumstances and because any danger posed by the conditions causing plaintiff's accident were open and obvious (NYSCEF Doc No 71). Plaintiff argues that defendant breached its duty by failing to warn passengers to watch their step, help passengers across, or adequately secure the gangway; and that defendant failed to establish that it did not create or have notice of the dangerous condition (NYSCEF Doc No 80). Plaintiff asserts that she raised material issues of fact by submitting maritime consultant Robert E. Moro's affidavit (NYSCEF Doc No 77), in which he opines that defendant's conduct departed from the applicable standard of care and that those departures were the proximate cause of plaintiff's accident.

Here, defendant has demonstrated that it took reasonable care under the circumstances in the manner that it secured the gangway. As noted by Rik F. Van Monmouth, defendant's maritime consultant, there is "an unavoidable step down from the gangway to the deck," and the gangway cannot be secured in an "excessively rigid [manner], as tight securing of the ropes would be dangerous and could induce unexpected and sudden movement into the gangway from vessel motion" (NYSCEF Doc No 68, ¶¶ 13-14). Additionally, while plaintiff argues that the gangway was "defective" as evidenced by "the numerous adjustments [] and securing of the gangway manually" (NYSCEF Doc No 80), this evidence merely suggests that the crew routinely checked on the gangway to ensure that it was appropriately secured. There is no evidence in the record indicating that the gangway was in an unusual or defective condition; rather, it functioned as any similar gangway would be expected to function.

**156589/2019 MOENCH-KELLY, SHELLY vs. CIRCLE LINE-SIGHTSEEING**
**Motion No. 002**

**Page 3 of 5**

3 of 5

Plaintiff alleges that she was not warned of the moving condition of the gangway, however, a shipowner has "no duty to warn of an open and obvious danger" (*Cupo v Karfunkel*, 1 AD3d 48, 51 [2nd Dept 2003] ["Unless a hazard is latent, a person entering the property is just as aware as the landowner of the condition of the property and the risks associated with it"]). As the video of plaintiff's accident and as plaintiff's testimony suggests, it was apparent that the gangway moved along with the ship (NYSCEF Doc No 65, 56:9-57:15). Moreover, when asked, "any [] guidance[] that the crew member could have given you, at the bottom of the ramp, you seem to have already known, correct?" she replied, "That's correct" (*id.*, 92:11-94:5). This testimony established that there was no causation between the failure to warn plaintiff and her fall.

Additionally, plaintiff's expert's opinion that defendant "fail[ed] to exercise reasonable care" and that its alleged departures from common practice were the "cause of Plaintiff's fall and resulting injuries" (NYSCEF Doc No 77) constitute legal conclusions that are insufficient to raise an issue of fact (*Pomilla v Bangiyev*, 197 AD3d 1187, 1189 [2nd Dept 2021]). Accordingly, defendant's motion for summary judgment dismissing plaintiff's sole cause of action for negligence will be granted.

## CONCLUSION

Based on the foregoing, it is

ORDERED that defendant's motion is granted and the complaint is dismissed; and it is further

**156589/2019  MOENCH-KELLY, SHELLY vs. CIRCLE LINE-SIGHTSEEING**
**Motion No.  002**

**Page 4 of 5**

4 of 5

ORDERED that the clerk is directed to enter judgment in favor of defendant with costs

and disbursements to defendant as taxed by the clerk.

202410161023085PG0ETZ1BBBB094C8250546A598210349DED99219

_____
**10/16/2024**
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156589/2019   MOENCH-KELLY, SHELLY vs. CIRCLE LINE-SIGHTSEEING**
**Motion No.  002**

Page 5 of 5

5 of 5