Gersbeck v Wiedmann (2025 NY Slip Op 05669)

Gersbeck v Wiedmann

2025 NY Slip Op 05669

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-09583
 (Index No. 1907/13)

[*1]James Gersbeck, plaintiff, 
v
Robert Wiedmann, Jr., et al., appellants, Haldane Rodgers, et al., defendants, City of New York, respondent.

Kelner and Kelner, New York, NY (Joshua D. Kelner and Brian P. Hurley of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY, (Rebecca L. Visgaitis and Geoffrey E. Curfman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs Robert Wiedmann, Jr., and Catherine Wiedmann appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated July 25, 2024. The order, insofar as appealed from, denied those plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against the defendant City of New York, and granted that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2012, the plaintiffs Robert Wiedmann, Jr. (hereinafter the injured plaintiff), and his wife Catherine Wiedmann (hereinafter together the plaintiffs) filed a notice of claim with the City of New York alleging that the City was negligent in operating, controlling, and supervising the Fire Department of New York (hereinafter the FDNY) and failed to provide the injured plaintiff, a firefighter with the FDNY, with sufficient and proper safety equipment, which caused him to sustain personal injuries while responding to a fire December 2011. A hearing pursuant to General Municipal Law § 50-h was held, and an investigation by the FDNY was conducted.
In February 2013, the injured plaintiff and Catherine Wiedmann, suing derivatively and as his agent, commenced this action against the City, among others, to recover damages for personal injuries pursuant to General Municipal Law § 205-a. The City answered. Thereafter, the plaintiffs moved for summary judgment on the issue of liability on to the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against the City, and the City cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated July 25, 2024, the Supreme Court, inter alia, denied the plaintiffs' motion and granted the City's cross-motion.
Contrary to the plaintiffs' contention, the court properly determined that their notice of claim was insufficient to enable the City to investigate, collect evidence, and evaluate the merits [*2]of the plaintiffs' allegations regarding negligent training in violation of General Municipal Law § 205-a. "To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Bourque v County of Dutchess, 218 AD3d 430, 431 [internal quotation marks omitted]; see Mosley v City of New York, 217 AD3d 857, 858). "A notice of claim must set forth, among other things, the nature of the claim and the time when, the place where and the manner in which the claim arose" (Garland v City of New York, 237 AD3d 669, 670 [internal quotation marks omitted]; see Behrens v Town of Huntington, 230 AD3d 730, 731). "The requirements of the statute are met when the notice describes the incident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (Garland v City of New York, 237 AD3d at 670 [internal quotation marks omitted]; see Conn v Tutor Perini Corp., 174 AD3d 680, 681).
Allegations concerning negligent training must be set forth in a notice of claim pursuant to General Municipal Law § 50-e(2) (see Colon v New York City Hous. Auth., 23 AD3d 425, 425; Dixon v Village of Spring Val., 6 AD3d 489, 490). "Causes of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed" (Mazzilli v City of New York, 154 AD2d 355, 357). Allowing the addition of causes of action which were not referred to either directly or indirectly in the notice of claim would substantially alter the nature of a plaintiff's claim (see Demorcy v City of New York, 137 AD2d 650, 651).
Here, the plaintiffs' notice of claim failed to set forth any negligent training allegations that could later form the basis of their cause of action alleging a violation of General Municipal Law § 205-a.
Moreover, notwithstanding the insufficiency of the notice of claim, the plaintiffs also failed to make a prima facie showing that they were entitled to summary judgment on the issue of liability on the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against the City. "General Municipal Law § 205-a establishes the right of an injured firefighter to recover against any party whose neglect or omission to comply with governmental requirements results directly or indirectly in the firefighter's injury" (Annunziata v City of New York, 175 AD3d 438, 442 [internal quotation marks omitted]; see Shea v New York City Economic Dev. Corp., 161 AD3d 803, 805). "A plaintiff seeking recovery under General Municipal Law § 205-a must identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter" (Annunziata v City of New York, 175 AD3d at 442 [alteration and internal quotation marks omitted]; see Shea v New York City Economic Dev. Corp., 161 AD3d at 805).
Here, the plaintiffs failed to establish, prima facie, that the City violated a valid predicate statute as required by General Municipal Law § 205-a (see Pomilla v Bangiyev, 197 AD3d 1187). The plaintiffs' theory of liability under General Municipal Law § 205-a—that the defendant failed to properly follow an FDNY internal training bulletin regarding the use of thermal imaging cameras—does not fall within the scope of General Municipal Law § 205-a (see Galapo v City of New York, 95 NY2d 568, 574-576; Desmond v City of New York, 88 NY2d 455, 463-464).
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against the City without regard to the sufficiency of the City's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to the City's cross-motion for summary judgment dismissing the complaint insofar as asserted against it, the City demonstrated, prima facie, that it trained its firefighters in compliance with applicable federal and state laws and regulations (see Labor Law § 27-a[3][a][1]; Occupational Safety and Health Act of 1970 [OSHA], 29 USC § 651 et seq.; see also Williams v City of New York, 2 NY3d 352, 364). In opposition, the plaintiffs failed to raise a triable [*3]issue of fact.
Accordingly, the Supreme Court also properly granted the City's cross-motion for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court