■ MICHAEL LEVINE et al., Appellants, v CHEMICAL BANK, as Successor in Interest to MANUFACTURERS HANOVER TRUST COMPANY, INC., Respondent, et al., Defendants. [633 NYS2d 296] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about August 10, 1994, which granted defendant bank's motion to dismiss the complaint against it for failure to state a cause of action, unanimously affirmed, without costs.

In an action for wrongful death and pain and suffering, the decedent, an off-duty police officer, was shot and killed when he tried to apprehend one of the perpetrators of an assault on a customer at an ATM machine. Insofar as the action against defendant bank is based on common-law negligence for failure to provide adequate security, it was properly dismissed on the ground that recovery is precluded by the so-called "fireman's rule" as applied to police officers (*Santangelo v City of New York*, 71 NY2d 393; *Cooper v City of New York*, 81 NY2d 584), and more specifically to off-duty police officers attempting to apprehend a suspect (*Campbell v Lorenzo's Pizza Parlor*, 172 AD2d 478, *lv denied* 78 NY2d 863). Nor can there be recovery under General Municipal Law § 205-e because any violation by the bank of the statutes relied upon would not have increased the risk faced by the decedent in his pursuit of the perpetrators (*St. Jacques v City of New York*, 215 AD2d 75). Further, any such violation could not have been the proximate cause of the decedent's death (*Dyer v Norstar Bank*, 186 AD2d 1083, *lv denied* 81 NY2d 703). Concur—Rosenberger, J. P., Wallach, Rubin and Williams, JJ.