RUSSELL OLSON et al., Appellants, v CITY OF NEW YORK, Respondent. [650 NYS2d 291] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated October 20, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Russell Olson, a New York City firefighter, returned to the firehouse after responding to a fire alarm, stepped down from the fire truck, and was injured when he fell into a pothole in the driveway of the firehouse. In his complaint he alleged a common-law negligence cause of action against his employer, the defendant.

The court improperly granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiffs' personal injury suit was barred by the so-called "firefighter rule" *(cf., Zanghi v Niagara Frontier Transp.*

*Commn.,* 85 NY2d 423, 440; *Cooper v City of New York,* 81 NY2d 584, 590). Nothing in the acts undertaken in the performance of his firefighter duties placed the injured plaintiff at increased risk for this accident to happen *(cf., Zanghi v Niagara Frontier Transp. Commn., supra,* at 440). In addition, the injured plaintiff was not exposed to a particular danger that firefighters are expected to assume as part of their duties *(cf., Zanghi v Niagara Frontier Transp. Commn., supra,* at 440; *Boardman v Vin-Al Corp.,* 228 AD2d 631; *Pisarek v City of Yonkers,* 228 AD2d 484; *Goode v United Artists E. Theatre Corp.,* 220 AD2d 382).

We note that the recent amendments to the General Municipal Law and the General Obligations Law revoking the "firefighter rule" neither expand nor restrict the existing liability of an employer or a co-employee at common law or under General Municipal Law §§ 205-a and 205-e *(see,* L 1996, ch 703). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.