■ PETER SCHEMBRI, Respondent, v CITY OF NEW YORK, Appellant. [659 NYS2d 324] —In an action to recover damages for personal injuries, the defendant appeals from an order of the

Supreme Court, Kings County (Steinhardt, J.), dated February 16, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The firefighter's rule bars a police officer or firefighter from asserting a cause of action to recover damages for personal injuries based on common-law negligence *"where the performance of the police officer's or firefighter's duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury"* [emphasis in the original] (*Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 439). Thus, a plaintiff may not recover damages for personal injuries based upon common-law negligence "where some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn., supra,* at 439).

Although the Supreme Court erred in concluding that there was a triable issue of fact as to whether the plaintiff's common-law cause of action was barred by the firefighter's rule, under the circumstances presented here, the City was not entitled to summary judgment dismissing the complaint. It cannot be said that the plaintiff police officer was exposed to a heightened risk of injury from falling on a defective step because, at the time, he and another officer were leading a television camera crew across a park to a different entrance to a courthouse (*see, Olson v City of New York,* 233 AD2d 488). Accordingly, the plaintiff's claim is not barred by the firefighter's rule (*see, Zanghi v Niagara Frontier Transp. Commn., supra; Santangelo v State of New York,* 71 NY2d 393, 397). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.