■ JAMES J. BYRNES, Respondent, v CITY OF NEW YORK, Appellant. [671 NYS2d 483] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated April 9, 1997, which denied its motion, *inter alia*, for summary judgment dismissing the complaint and granted the plaintiff's cross motion to amend the notice of claim and the complaint to add a cause of action under General Municipal Law § 205-a.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the appellant's motion which was to dismiss the plaintiff's common-law cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The firefighter's rule bars a police officer or firefighter from bringing a common-law negligence cause of action "*where the performance of the police officer's or firefighter's duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury*" (*Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 439; *Schembri v City of New York,* 240 AD2d 722). Thus, recovery for damages in common-law negligence may not be had "where some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury". Here, the plaintiff firefighter was turning on a fire hydrant

when he lost his footing on a broken curb, and common-law recovery is barred since the injury occurred while he was performing an act taken "in furtherance of a specific police or firefighting function [which] exposed [him] to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn., supra,* at 439; *Schembri v City of New York, supra*). Our decision in *Olson v City of New York* (233 AD2d 488), where the plaintiff firefighter was injured after he had returned to the firehouse, is therefore distinguishable on its facts.

In light of the 1996 amendment of General Municipal Law § 205-a (L 1996, ch 703), the plaintiff was properly granted leave to amend the notice of claim and complaint to assert a cause of action under General Municipal Law § 205-a (*see,* General Municipal Law § 205-a). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.