■ WILLIAM O'HARE et al., Appellants-Respondents, v CITY OF NEW ROCHELLE, Respondent, and BROOKS & RIVELLINI, INC., et al., Respondents-Appellants. (And a Third-Party Action.) [672 NYS2d 352] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered March 14, 1997, as, upon reargument, adhered to so much of a prior order entered September 4, 1996, as granted the cross motion of the defendant City of New Rochelle for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Ward Associates, Inc., and Brooks & Rivellini, Inc., separately cross-appeal from so much of the same order as, upon reargument, denied their motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and upon reargument, the original determination in the order entered September 4, 1996, granting the motions of the defendants Ward Associates, P. C., and Brooks & Rivellini, Inc., for summary judgment dismissing the complaint insofar as asserted against them is adhered to; and it is further,

Ordered that the respondents-appellants and the respondent, appearing separately and filing separate briefs, are awarded one bill of costs.

The court properly concluded that the plaintiffs' claims against the City of New Rochelle should be dismissed because the receipt of benefits under General Municipal Law § 207-c was the injured plaintiff's exclusive remedy (*see, Damiani v City of Buffalo,* 198 AD2d 814, 815; *O'Dette v Parton,* 190 AD2d 1074, 1075).

The Supreme Court did not set forth its reasoning for reinstating the action against the defendants Ward Associates, P. C., and Brooks & Rivellini, Inc. While the intervening

change in General Obligations Law § 11-106 (L 1996, ch 703, § 5) eliminated the firefighter's rule as a bar to a common-law negligence action against these defendants, there was no admissible evidence offered by the plaintiffs that would create a triable issue of fact as to whether either of those defendants was at fault for the happening of Officer O'Hare's accident, and therefore, the complaint must be dismissed insofar as asserted against them (*Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.