■ PHILIP PETENDREE et al., Respondents, v CITY OF YON-KERS, Appellant. [704 NYS2d 646] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered June 11, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Philip Petendree (hereinafter Petendree), a firefighter employed by the defendant City of Yonkers, allegedly sustained physical injuries as a result of a malfunctioning piece of firefighting equipment, a gasoline-powered roof saw.

Petendree and his wife commenced this action against the city, *inter alia*, alleging negligence in the maintenance of the roof saw. The city moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

Contrary to the plaintiffs' contentions, the receipt of disability benefits pursuant to General Municipal Law § 207-a constitutes their exclusive remedy and bars any common-law negligence claims or General Municipal Law § 205-a claims against the defendant. The rule is well settled insofar as General Municipal Law § 207-c disability claims by injured police officers are concerned (*see, O'Hare v City of New Rochelle,* 249 AD2d 375; *Damiani v City of Buffalo,* 198 AD2d 814; *O'Dette v Parton,* 190 AD2d 1074), and the same result is warranted under the parallel provisions of General Municipal Law § 207-a applicable to a firefighter (*see, Matter of Schade v Town of Wallkill,* 235 AD2d 542; *Matter of Fedorczak v Dolce,* 202 AD2d 668). Accordingly, as the uncontroverted evidence in the record demonstrates that Petendree was approved for and received section 207-a disability benefits, the instant action does not lie and the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint.

Moreover, Pedentree's common-law claims are meritless as they are also barred by the firefighter's rule (*see, Malenczak v City of New York,* 265 AD2d 532; *Byrnes v City of New York,* 249 AD2d 352).

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.