■ MARIA MELENDEZ, Respondent, v CITY OF NEW YORK et al., Appellants. [706 NYS2d 132] —In an action to recover damages for personal injuries, the defendants City of New York and New York City Police Department appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated May 19, 1998, which granted the plaintiff's motion for leave to amend the complaint to add a cause of action to recover damages under General Municipal Law § 205-e, and denied their cross motion, *inter alia,* to vacate the default judgment entered against the defendant Kelly Maurer and to dismiss the plaintiff's cause of action to recover damages based on common-law negligence.

Ordered that the order is modified by deleting the provisions thereof denying those branches of the cross motion which were to vacate the judgment entered against the defendant Kelly Maurer upon her default in appearing, and to dismiss the plaintiff's causes of action to recover damages based on common-law negligence, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the judgment entered against the defendant police officer Kelly Maurer upon her default in appearing should be vacated (*see,* CPLR 5015 [a] [1]; *Chemical Bank v Vazquez,* 234 AD2d 253). Although we find unpersuasive the appellants' argument that their time to so move never began to run because the order with notice of entry which was served upon them was defective, this Court's power to open judgments in the interest of justice is an inherent power that may be exercised even after the expiration of the one-year period within which such application should be made (*see, Allen v Preston,* 123 AD2d 303; *McMahon v City of New York,* 105 AD2d 101, 106).

General Obligations Law § 11-106, which partially abrogated the so-called firefighter rule, applies only where the police officer's or the firefighter's injury, disease, or death "is proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than

that police officer's or firefighter's employer or co-employee" (*see,* L 1996, ch 703, § 5). Thus, the firefighter rule continues to bar a police officer or firefighter from asserting a common-law negligence cause of action against his or her employer or a fellow officer *"where the performance of the police officer's or firefighter's duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury"* (*Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 439). No cause of action to recover damages based on common-law negligence will lie "where some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn., supra,* at 439). Where, as here, the plaintiff police officer was performing the function of the "recorder" in a patrol car, she was at an increased risk of being injured in a motor vehicle accident. Therefore, her common-law claims against the City of New York and the New York City Police Department are barred.

The appellants' present contention that the plaintiff's claim pursuant to General Municipal Law § 205-e is time-barred is improperly raised for the first time on appeal. In any event, in light of the procedural history of this case, the Supreme Court properly granted leave to amend the pleadings to specify the statutory predicates for the section 205-e claim (*see,* CPLR 3025 [b]). Our decision in *Gibbons v Ostrow* (234 AD2d 415) must be confined to the particular facts and circumstances of that case. To the extent that it may be read as holding that CPLR 3025 (b) is inapplicable to the amendment of pleadings in a pending General Municipal Law § 205-e action, it should not be followed. Bracken, J. P., Sullivan, Thompson and S. Miller, JJ., concur.