■ SHEVAWN CARTER, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [708 NYS2d 426] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered April 1, 1999, which, upon a jury verdict, and upon an order of the same court dated June 24, 1998, granting that branch of the motion of the defendant City of New York pursuant to CPLR 4404 which was to set aside the jury verdict in her favor and against it, and for judgment in its favor as a matter of law, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The firefighter's rule bars a police officer or firefighter from asserting a cause of action to recover damages for common-law negligence "where the performance of the police officer's or firefighter's duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439; *Byrnes*

*v City of New York,* 249 AD2d 352). Recovery for damages for common-law negligence is precluded "where some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn., supra,* at 439; *Byrnes v City of New York, supra,* at 352). Here, the plaintiff, who was a New York City Police Officer, was issuing a parking citation to an illegally-parked car when she fell because of a defect in a sidewalk. Common-law recovery is barred since the injury occurred while she was performing an act taken in "furtherance of a specific police * * * function [which] exposed [her] to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn., supra,* at 439; *Byrnes v City of New York, supra,* at 353; *cf., Olson v City of New York,* 233 AD2d 488).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.