■ MARK BRAXTON, Appellant, v CITY OF YONKERS, Respondent. [717 NYS2d 326] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 18, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a police officer employed by the City of Yonkers (hereinafter the City), was injured when he fell on a footbridge owned by the City. He commenced this action against the City asserting a common-law cause of action alleging that the City negligently maintained the footbridge. The City moved for summary judgment, and the Supreme Court determined that the plaintiff's common-law negligence cause of action was barred by the so-called "firefighter's rule" (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423; *Cooper v City of New York,* 81 NY2d 584).

We agree with the plaintiff that his common-law negligence cause of action is not barred by the firefighter's rule as his duties merely furnished the occasion for his accident but did not heighten the risk of injury (*see, Zanghi v Niagara Frontier Transp. Commn., supra*). However, the City presented undisputed evidence that the plaintiff received benefits pursuant to General Municipal Law § 207-c for his injury. Accordingly, while the Supreme Court properly granted the City's motion to dismiss the complaint, it should have done so on the ground that the plaintiff's receipt of General Municipal Law § 207-c benefits provided his exclusive remedy and barred any cause of action based on common-law negligence (*see, O'Hare v City of*

*New Rochelle,* 249 AD2d 375; *Damiani v City of Buffalo,* 198 AD2d 814; *O'Dette v Parton,* 190 AD2d 1074; *see also, Petendree v City of Yonkers,* 270 AD2d 403).

The plaintiff's contention that the Supreme Court erred in failing, *sua sponte,* to permit him to amend his complaint to assert a statutory cause of action pursuant to General Municipal Law § 205-e is academic in view of the Supreme Court's order, entered January 7, 2000, which granted his subsequent motion to amend his complaint.

We have not considered the plaintiff's remaining contention as it is improperly raised for the first time on appeal. O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.