■ KENNETH F. KELLY et al., Appellants, v CITY OF YONKERS, Respondent. [718 NYS2d 215] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Cowhey, J.), entered January 19, 2000, and (2) an order of the same court, entered March 16, 2000, which, *sua sponte, inter alia* resettled the order entered January 19, 2000, granting the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that on the Court's own motion, the appeal from the order entered March 16, 2000, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order entered January 19, 2000, is dismissed, as that order was superseded by the order entered March 16, 2000; and it is further,

Ordered that the order entered March 16, 2000, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the plaintiffs' contentions, the injured plaintiff's receipt of disability benefits pursuant to General Municipal Law § 207-a is an exclusive remedy and bars any common-law negligence claims or General Municipal Law § 205-a claims against the defendant (*see, Petendree v City of Yonkers,* 270 AD2d 403; *Nieves v City of Yonkers,* 268 AD2d 412; *O'Hare v City of New Rochelle,* 249 AD2d 375). Thus, the Supreme Court properly dismissed the complaint. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.