■ EDWARD TIGHE, Appellant, v CITY OF YONKERS, Respondent, et al., Defendants. [725 NYS2d 384] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County

(Murphy, J.), entered June 27, 2000, as granted that branch of the motion of the defendant City of Yonkers which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a police officer employed by the defendant City of Yonkers, allegedly sustained personal injuries when he tripped over a raised steel plate in the street while walking to his patrol car after having moved a wooden barricade known as a "traffic horse." He brought this action against, among others, the City of Yonkers, to recover damages for his injuries. The City of Yonkers moved for summary judgment, *inter alia*, dismissing the complaint insofar as asserted against it on the grounds that the plaintiff's action was barred by the so-called "firefighter's rule" and because his exclusive remedy was the recovery of benefits pursuant to General Municipal Law § 207-c. The Supreme Court granted the motion. We affirm.

We agree with the plaintiff that the firefighter's rule does not bar his common-law negligence cause of action (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 438; *Braxton v City of Yonkers,* 278 AD2d 265; *Schembri v City of New York,* 240 AD2d 722; *Olson v City of New York,* 233 AD2d 488). However, the Supreme Court correctly determined that the plaintiff's receipt of benefits pursuant to General Municipal Law § 207-c is his exclusive remedy against his municipal employer (*see, Braxton v City of Yonkers, supra; Nieves v City of Yonkers,* 268 AD2d 412; *O'Hare v City of New Rochelle,* 249 AD2d 375). Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.