■ MATTHEW BRADY et al., Appellants, v CITY OF NEW ROCHELLE, Respondent. [744 NYS2d 494] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered May 14, 2001, as granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' common-law negligence cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Matthew Brady was injured in a motorcycle accident during a police motorcycle training course. He and his wife commenced this action against his employer, the City of New Rochelle, alleging, inter alia, negligence. The Supreme Court granted summary judgment to the defendant, and the plaintiffs appeal from so much of the order as dismissed his common-law negligence cause of action. We affirm.

The defendant established that Brady was performing his official duties as a police officer at the time of the accident. Therefore, his common-law negligence cause of action is barred by General Obligations Law § 11-106 (*see Melendez v City of New York,* 271 AD2d 416, 417; *Flynn v City of New York,* 258 AD2d 129, 135-136). In any event, his common-law negligence cause of action is barred on the ground that he received salary and medical benefits pursuant to General Municipal Law § 207-c (*see Tighe v City of Yonkers,* 284 AD2d 325, 326; *Braxton v City of Yonkers,* 278 AD2d 265; *O'Hare v City of New Rochelle,* 249 AD2d 375). Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's common-law negligence cause of action was properly granted. Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.