■ MARK DELIO, Appellant, v CITY OF NEW YORK et al., Respondents. [777 NYS2d 911]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 2, 2003, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action to recover damages for common-law negligence and granted that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cause of action to recover damages for common-law negligence is reinstated, that branch of the motion which was for summary judgment on the issue of liability on that cause of action is granted and that branch of the cross motion which was for summary judgment dismissing that cause of action is denied.

The plaintiff, a New York City police officer, commenced this action to recover damages for injuries he allegedly sustained when a fellow officer closed the door of their patrol car on his hand during the course of a traffic stop of a vehicle. The Supreme Court granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence, concluding that it was barred by the firefighter's rule (*see Santangelo v State of New York,* 71 NY2d 393 [1988]).

A police officer may not recover damages for common-law negligence where "some act taken in furtherance of a specific police . . . function exposed the officer to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 439 [1995]). The firefighter's rule bars "*only* those claims for injuries caused by the negligence of a fellow police officer when the injury is related to the dangers that are associated with police functions" (*Cooper v City of New York,* 81 NY2d 584, 591 [1993]). Where the injuries sustained during the performance of an officer's duties as a result of a fellow officer's negligence "are wholly unrelated to the assumed risks of police duty," common-law recovery is not barred (*id.* at 592).

The plaintiff's injuries were unrelated to the assumed risks of police duty. His duties "merely furnished the occasion for his accident but did not heighten the risk of injury" (*Braxton v City of Yonkers,* 278 AD2d 265 [2000]). Consequently, his common-law negligence cause of action was not barred by the firefighter's rule and should not have been dismissed (*see Tighe v City of Yonkers,* 284 AD2d 325 [2001]; *Braxton v City of Yonkers, supra; Schembri v City of New York,* 240 AD2d 722 [1997]). Further, the plaintiff established his entitlement to judgment as a matter of law on the issue of liability on that cause of action. In opposition, the defendants failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages for common-law negligence and denied that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action. Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.