■ John J. Sexton, Appellant, v City of New York, Respondent. [819 NYS2d 838]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated May 20, 2005, which denied his motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a New York City Fire Department Lieutenant, allegedly sustained personal injuries while training a fellow firefighter to drive a "tiller rig" fire truck between cement pillars. The trainee firefighter, who was driving the tiller rig, collided with one of the pillars. As the instructor, the plaintiff was seated in the front passenger seat of the tiller rig.

The plaintiff commenced this action against the City of New York to recover damages for his injuries. The plaintiff moved for summary judgment on the issue of liability, and the City cross-moved for summary judgment dismissing the complaint, alleging that the plaintiff's action was barred by the "firefighter's rule." The Supreme Court denied the plaintiff's motion and granted the City's cross motion.

A firefighter may not recover damages for common-law negligence where "some act taken in furtherance of a specific . . . firefighting function exposed [him or her] to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439 [1995]). Here, the plaintiff's official act of instructing firefighting trainees how to operate a tiller rig exposed him to a heightened risk of injury, and did not merely furnish the occasion for the accident. Therefore, the Supreme Court properly determined that the plaintiff's action to recover damages under a common-law negligence theory was barred by the firefighter's rule (*see Zanghi v Niagara Frontier Transp. Commn., supra; Brady v City of New Rochelle*, 296 AD2d 365, 366 [2002]; *Melendez v City of New York*, 271 AD2d 416, 417 [2000]).

The plaintiff's remaining contention is without merit. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.