[925 NE2d 875, 899 NYS2d 73]

David Wadler, Appellant, v City of New York et al., Respondents.

Argued January 13, 2010; decided February 18, 2010

## POINTS OF COUNSEL

*Law Offices of Brad A. Kauffman, PLLC,* New York City (*Brad A. Kauffman* of counsel), for appellant. I. Plaintiff's claim for common-law negligence is not barred by the firefighter rule. (*Santangelo v State of New York,* 71 NY2d 393; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423; *Cooper v City of New York,* 81 NY2d 584; *Melendez v City of New York,* 271 AD2d 416; *Carter v City of New York,* 272 AD2d 498; *Grogan v City of New York,* 259 AD2d 240; *Byrnes v City of New York,* 249 AD2d 352; *Foley v City of New York,* 43 AD3d 702; *Pascarella v City of New York,* 146 AD2d 61; *Petendree v City of Yonkers,* 270 AD2d 403.) II. The lower courts erred in their decisions. (*Lupinsky v Windham Constr. Corp.,* 293 AD2d 317.) III. Plaintiff's motion to renew and reargue should have been granted. (*People v Russo,* 128 Misc 2d 876; *Pro Brokerage v Home Ins. Co.,* 99 AD2d 971; *Matter of Palmer,* 193 Misc 411; *Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410; *Fitzpatrick v Cook,* 58 AD2d 642; *State of New York ex rel. Spence-Chapin Servs. to Families & Children v Tedeno,* 101 Misc 2d 485; *Turkel v I. M. I. Warp Knits,* 50 AD2d 543; *Sun Yau Ko v Lincoln Sav. Bank,* 99 AD2d 943; *Cook v Schiff,* 28 AD2d 514; *Andre v Pomeroy,* 35 NY2d 361.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Norman Corenthal* and *Kristin M. Helmers* of counsel), for respondents. Plaintiff's common-law negligence cause of action was barred by the firefighter rule. (*Santangelo v State of New York,* 71 NY2d 393; *Cooper v City of New York,* 81 NY2d 584; *Pascarella v City of New York,* 146 AD2d 61, 74 NY2d 610; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423; *Williams v City of New York,* 2 NY3d 352; *Smullen v City of New York,* 214 AD2d 508, 86 NY2d 705; *Grogan v City of New York,*

259 AD2d 240; *Jackson v City of New York,* 251 AD2d 457; *Hoey v Kuchler,* 208 AD2d 805, 85 NY2d 803; *Buckley v City of New York,* 176 AD2d 207.)

## OPINION OF THE COURT

SMITH, J.

We hold that the "firefighter rule," which bars common-law negligence recovery by firefighters and police officers for injuries that result from risks associated with their employment, requires dismissal of this case, in which a police officer was injured by the negligent operation of a security device.

The parking lot of the New York City Police Headquarters in Manhattan is protected by an unusual kind of gate, apparently designed to thwart car bombs and similar forms of terrorism. The gate is a concrete barrier that can be retracted into the ground to allow entry to the lot. If it is necessary to stop an entering vehicle, the gate can be raised, automatically and quickly, with enough force to lift a car off the ground.

In this case, the gate apparently worked as it was designed to do. The driver of the car in question, however, was not a terrorist, but plaintiff, the commanding officer of the Police Commissioner's liaison unit, who was arriving at his place of work. Plaintiff showed his credentials to one of the police officers guarding the lot. The barrier was lowered but then, accidentally, raised again while plaintiff was driving over it. The front of the car was lifted some four feet into the air, and plaintiff was injured.

Plaintiff sued the City and the Police Department for negligence. Supreme Court granted summary judgment to defendants (2008 NY Slip Op 30572[U]), relying on the firefighter rule, and the Appellate Division affirmed (57 AD3d 333 [2008]). We granted leave to appeal (12 NY3d 779 [2009]), and now affirm.

In *Zanghi v Niagara Frontier Transp. Commn.* (85 NY2d 423, 436 [1995]) we stated the firefighter rule: "[P]olice and firefighters may not recover in common-law negligence for line-of-duty injuries resulting from risks associated with the particular dangers inherent in that type of employment." Since 1996, the rule has been applicable only in actions against a "police officer's or firefighter's employer or co-employee" (General Obligations Law § 11-106 [1]).

We decided in *Zanghi* that the rule bars an officer's or firefighter's recovery "when the performance of his or her duties

increased the risk of the injury happening, and did not merely furnish the occasion for the injury" (85 NY2d at 436). We explained:

> "[W]here some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury, he or she may not recover damages for common-law negligence. By contrast, a common-law negligence claim may proceed where an officer is injured in the line of duty merely because he or she happened to be present in a given location, but was not engaged in any specific duty that increased the risk of receiving that injury. For example, if a police officer who is simply walking on foot patrol is injured by a flower pot that fortuitously falls from an apartment window, the officer can recover damages because nothing in the acts undertaken in the performance of police duties placed him or her at increased risk for that accident to happen. On the other hand, if an officer is injured by a suspect who struggles to avoid an arrest, the rule precludes recovery in tort because the officer is specially trained and compensated to confront such dangers." (*Id.* at 439-440.)

*Zanghi*'s distinction between cases in which the plaintiff's duties "increased the risk" and those in which they "furnish[ed] the occasion for" the injury has not proved easy to apply. Appellate Division and trial court cases on whether injuries resulted from risks "associated with the particular dangers inherent" in police work or firefighting are many, and hard to reconcile (*see e.g. Tighe v City of Yonkers*, 284 AD2d 325 [2d Dept 2001] [officer tripped over plate in street while walking to patrol car; firefighter rule not applied]; *Carter v City of New York*, 272 AD2d 498 [2d Dept 2000] [officer fell because of sidewalk defect while issuing summons; rule applied]; *Simons v City of New York*, 252 AD2d 451 [1st Dept 1998] [officer escorting complainant tripped over depression in roadbed; rule applied]; *Poveromo v Avis Rent-A-Car Sys.*, 242 AD2d 467 [1st Dept 1997] [officer injured in police car that went over a metal bumper; rule applied]; *Olson v City of New York*, 233 AD2d 488 [2d Dept 1996] [firefighter fell in pothole while dismounting from fire truck; rule not applied]; *Siciliano v City of New York*, 16 Misc 3d 1129[A], 2007 NY Slip Op 51630[U] [Sup Ct, Richmond County 2007] [officer fell in pothole while walking to vehicle; rule not

applied]). But however difficult other cases may be, the application of the rule to this case seems straightforward.

The cause of the injury to plaintiff here—a high-security device protecting the police headquarters parking lot—was plainly a risk "associated with the particular dangers inherent" in police work. Ordinary civilians may encounter such devices, but police officers, whose duties may include working in secure areas that are at risk of a terrorist attack, are far more likely to do so. An act taken in furtherance of a specific police function— entry into a protected parking lot, which only plaintiff's police credentials allowed him to enter—exposed plaintiff to the risk of this injury.

Plaintiff emphasizes that at the time of his injury he was not "on duty"; his tour of duty was not to begin for another 10 minutes (though this did not prevent him from applying for benefits for a "line of duty" injury). Whether he was on duty or not is not dispositive; police officers often, by the nature of their jobs, face significant risks even when they are not technically at work (*see Levine v Chemical Bank*, 221 AD2d 175 [1st Dept 1995]; *Campbell v Lorenzo's Pizza Parlor*, 172 AD2d 478 [2d Dept 1991]). What is dispositive is the nature of the risk. Plaintiff's claim is barred by the firefighter rule.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

JONES, J. (dissenting). I agree with the majority that the facts of this case are straightforward. However, because plaintiff's recovery is not barred by the "firefighter's rule," I respectfully dissent and would reverse the order of the Appellate Division.

Plaintiff's injuries were completely unrelated to the assumed risks of police duty and there were no actions taken by him that heightened his risk of injury. In *Zanghi v Niagara Frontier Transp. Commn.* (85 NY2d 423 [1995]), we stated:

> "[W]here some act taken in furtherance of a specific police or firefighting function expose[s] the officer to a heightened risk of sustaining the particular injury, he or she may not recover damages for common-law negligence. By contrast, a common-law negligence claim may proceed where an officer is injured in the line of duty merely because he or she happened to be present in a given location, but was not engaged in any specific duty *that increased the*

*risk of receiving that injury"* (85 NY2d at 439-440 [emphasis added]).

The plaintiffs in *Zanghi*—two firefighters injured while fighting a fire in a burning building, a police officer injured while confronting picketers, and two police officers injured as they raced to the assistance of a fellow officer—were clearly engaged in the performance of specific duties/functions that increased their risk of being injured. On the contrary, plaintiff here sustained injuries when another officer inadvertently raised a security barrier while he entered his workplace before his shift started. Simply put, this was not a risk associated with his job.

The majority's decision in this case is wholly at odds with well-settled authority. For example, in *Olson v City of New York* (233 AD2d 488 [2d Dept 1996]), the firefighter rule did not apply where a firefighter, after responding to a fire alarm, returned to the fire station, stepped down from a fire truck and was injured when he fell into a pothole in the driveway of the firehouse. The court held that nothing in the acts undertaken in the performance of his firefighter duties placed the injured plaintiff at increased risk for this accident to happen. Likewise, the firefighter rule did not apply in *Delio v City of New York* (8 AD3d 325 [2d Dept 2004]). In that case, plaintiff police officer was injured when a fellow officer closed a car door on plaintiff's hand. The court held that plaintiff was allowed to recover because his injuries were unrelated to the assumed risks of police duties. His duties merely furnished the occasion for his accident but did not heighten the risk of injury.

I disagree with the majority that these cases are hard to reconcile. In all of the cases cited by the majority where the claims were not allowed, the officers were on duty and performing police duties, even if routine, when they were injured. The Appellate Divisions have been applying *Zanghi* for nearly 15 years and their decisions should not be overturned so lightly.

Accordingly, I would reverse the decision of the Appellate Division and remit this case to Supreme Court for trial.

Judges CIPARICK, GRAFFEO, READ and PIGOTT concur with Judge SMITH; Judge JONES dissents and votes to reverse in a separate opinion; Chief Judge LIPPMAN taking no part.

Order affirmed, with costs.