(April 13, 2010)

■ VINCENZO FERRIOLO, Appellant, v CITY OF NEW YORK et al., Respondents. [899 NYS2d 172]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 11, 2008, which, upon reargument, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on his cause of action pursuant to General Municipal Law § 205-e, unanimously affirmed, without costs.

Plaintiff was present in the precinct locker room when defendant Gian, a fellow police officer, accidentally discharged his Sig Sauer 9 millimeter semiautomatic weapon. Plaintiff's femur was shattered. Gian was in the process of moving his gun from his locker to a storage locker for inventory purposes. Plaintiff was donning his uniform before beginning his tour of duty and conversing with another officer when the gun went off.

Inasmuch as Gian was moving his weapon to a different location as part of his police duties, plaintiff's exposure to the risk

of injury was occasioned by the performance of police duties by his fellow officer. Had plaintiff not been about to commence his tour of duty as a police officer, he would not have been in the precinct locker room changing into his uniform, and he would not have been injured by the discharge of Gian's weapon. Thus, plaintiff's common-law negligence claim is barred by the "firefighter rule" (General Obligations Law § 11-106 [1]; *Wadler v City of New York*, 14 NY3d 192 [2010]).

The motion court correctly dismissed plaintiff's General Municipal Law § 205-e cause of action predicated upon alleged violations of the Penal Law and the Labor Law. No criminal charges were brought against Gian, and plaintiff failed to come forward with compelling evidence that Gian's conduct was criminally negligent or criminally reckless so as to overcome the presumption that the Penal Law had not been violated (*see Williams v City of New York*, 2 NY3d 352, 366-367 [2004]). Nor was plaintiff's injury the type of workplace injury contemplated by Labor Law § 27-a (*see id.* at 367-368). Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.