■ JAMES RECTOR, Appellant, v CITY OF NEW YORK et al., Respondents. [901 NYS2d 536]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated April 14, 2009, as granted that branch of the motion of the defendant City of New York which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it and denied his cross motion for leave to amend the complaint to allege a cause of action pursuant to General Municipal Law § 205-e.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted that branch of the motion of the defendant City of New York which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. "A police officer may not recover damages for common-law negligence where 'some act taken in furtherance of a specific police . . . function exposed the officer to a heightened risk of sustaining the particular injury' " (*Norman v City of New York*, 60 AD3d 830, 831 [2009], quoting *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439 [1995]). Here, it is undisputed that the plaintiff's injuries occurred while he was performing a police function that exposed him to a heightened risk of injury, namely, the interception of criminal activity. Accordingly, the cause of action to recover damages from the City under a common-law negligence theory is barred by the firefighter's rule (*see Norman v City of New York*, 60 AD3d at

831; *Sexton v City of New York*, 32 AD3d 535, 536 [2006]; *Brady v City of New Rochelle*, 296 AD2d 365, 366 [2002]).

The plaintiff also alleged a cause of action against the City pursuant to Real Property Law § 231 (2); however, it is undisputed that the City was not the owner of the property where the plaintiff was injured and, therefore, that Real Property Law § 231 (2) did not apply to it.

Accordingly, the Supreme Court properly granted that branch of the City's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Moreover, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend his complaint to allege a cause of action pursuant to General Municipal Law § 205-e, since the proposed amendment was palpably without merit (*see* CPLR 3025 [b]; *Petty v Barnes*, 70 AD3d 661, 663 [2010]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.