◼ JAMEL MOORE, Appellant, v CITY OF NEW YORK, Respondent. [5 NYS3d 199]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), entered November 18, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, in the course of his employment as a New York City Police Officer, was responding to an emergency call in a marked police vehicle when the brakes allegedly failed, causing the vehicle to strike the facade of a building. Thereafter, the plaintiff commenced this action against the defendant, asserting a single cause of action sounding in common-law negligence. The defendant moved for summary judgment dismissing the complaint, contending that the action was barred by the firefighter rule and that it did not have actual or constructive notice of any defect in the brakes of the subject police vehicle. The Supreme Court granted the motion, determining that the action was not barred by the firefighter rule, but that the defendant did not have actual or constructive notice of any defect in the brakes of the subject police vehicle. We affirm on the ground that the action was barred by the firefighter rule.

"[T]he firefighter rule provides that '[p]olice and firefighters may not recover in common-law negligence for line-of-duty injuries resulting from risks associated with the particular dangers inherent in that type of employment' " (*Gammons v City of New York*, 109 AD3d 189, 193 [2013], *affd* 24 NY3d 562 [2014], quoting *Wadler v City of New York*, 14 NY3d 192, 194 [2010]). "[T]he rule bars an officer's . . . recovery 'when the performance of his or her duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury' " (*Wadler v City of New York*, 14 NY3d at 194-195, quoting *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 436 [1995]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint as barred by the firefighter rule. Common-law recovery is barred since the injury occurred while the plaintiff was responding to an emergency call, an act taken in "furtherance of a specific police . . . function [which] exposed [him] to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d at 439; *see Wadler v City of New York*, 14 NY3d 192 [2010]; *Cooper v City of New York*, 81 NY2d

584 [1993]). The lack of a connection between the defendant's alleged negligence and the incident which gave rise to the emergency call "is of no moment," since the plaintiff's injury was connected to the special hazard that the plaintiff assumed as part of his duties (*Cooper v City of New York*, 81 NY2d at 590).

The plaintiff's attempt to characterize the complaint as stating a cause of action pursuant to General Municipal Law § 205-e is without merit, as the allegations in the complaint cannot be read as supporting that theory of liability (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877 [2006]; *Stoetzel v Wappingers Cent. School Dist.*, 166 AD2d 643 [1990]).

In light of our determination, it is not necessary to address the parties' remaining contentions. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.