■ ROBERTA VOSS, Appellant, v CITY OF NEW YORK et al., Respondents. [27 NYS3d 867]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about August 18, 2014, which, to the extent appealed from as limited by the briefs, granted defendant City's

motion for summary judgment dismissing as against it the causes of action for common-law negligence and violations of the Labor Law and the Penal Law, unanimously affirmed, without costs.

Plaintiff's common-law negligence claim is barred by the so-called "Firefighter Rule," because she was injured by a fellow officer during the performance of police duties (see General Obligations Law § 11-106). Plaintiff had not yet completed her tour of duty, and was waiting in the precinct muster room to return her radio, when the other officer grabbed her from behind and allegedly demonstrated a take-down maneuver (see Ferriolo v City of New York, 72 AD3d 490 [1st Dept 2010], lv denied 15 NY3d 702 [2010]).

Because it is asserted against her employer (and her fellow officer), plaintiff's common-law negligence claim can only be based on the statutory right of action in General Municipal Law § 205-e (Williams v City of New York, 2 NY3d 352, 363 [2004]). Although a section 205-e claim may be predicated upon a violation of Labor Law § 27-a (Gammons v City of New York, 24 NY3d 562 [2014]), we conclude that plaintiff's injury is not the type of workplace injury contemplated by Labor Law § 27-a (see id. at 573; Williams, 2 NY3d at 368). With respect to the alleged Penal Law violations, there is no evidence that any criminal charges were brought against the fellow officer, and plaintiff offered no evidence that the officer's conduct was intentional, criminally reckless, or criminally negligent, so as to rebut the presumption that the Penal Law was not violated (see Williams, 2 NY3d at 366-367).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.