■ Tao Niu, Respondent, v Sasha Realty LLC, Appellant. [56 NYS3d 91]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered June 23, 2016, which denied defendants Sasha Realty LLC and Beach Lane Management, Inc.'s motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss plaintiff's claims based on violations of Multiple Dwelling Law § 52 and the 1938 Building Code of City of New York (Administrative Code of City of NY) § C26-292.0 (g) (3), and otherwise affirmed, without costs.

Plaintiff seeks to recover for injuries he sustained when, as he was descending the staircase from the rooftop of defendants' building, the landing he stepped on collapsed, causing him to fall.

Initially, we note that the 1938 Building Code of City of New York (Administrative Code of City of NY) § C26-292.0 (g) (3) and Multiple Dwelling Law § 52 are inapplicable to this case. Although the subject staircase led to a rooftop, that rooftop was not an "exit" as defined in Administrative Code § 27-232,

since it did not lead to a street or public space, and was not dedicated to public use (*see DeRosa v City of New York*, 30 AD3d 323, 326 [1st Dept 2006]).

However, defendants failed to meet their prima facie burden of showing that they lacked constructive notice of the alleged defective condition. The building manager testified that he would inspect the building about two to three times a day, looking for property damage such as broken windows or handrails. However, he did not testify that he would inspect the building's stairs or its landings, or when he last did so. This testimony was insufficient to show that defendants lacked constructive notice of the defective condition (*see Joachim v AMC Multi-Cinema, Inc.*, 129 AD3d 433, 434 [1st Dept 2015]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]).

Defendant's contention that the condition of the landing was latent since the reinforcement underneath would not have been discoverable upon a reasonable inspection, was refuted by plaintiff's expert who averred that the type of landing through which plaintiff fell was required to be regularly inspected and maintained, and that an inspection of the landing would have shown that it was susceptible to collapse. This was sufficient to raise an issue of fact (*see Perez v 2305 Univ. Ave., LLC*, 78 AD3d 462, 463 [1st Dept 2010]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Manzanet-Daniels, JJ.