Genova v City of New York (2018 NY Slip Op 06813)





Genova v City of New York


2018 NY Slip Op 06813


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Oing, JJ.


7308 301797/12

[*1]Thomas Genova, etc., Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, New York (Jillian Rosen of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 8, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the negligence cause of action, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff is the trustee of the bankruptcy estate of Thomas Slockbower, an officer of the New York City Police Department (NYPD). Plaintiff seeks damages in connection with injuries Slockbower sustained when he fell after he exited a van in the parking lot of an NYPD training facility and stepped onto an uneven, depressed asphalt area surrounding a sewer drain. Plaintiff claims that defendants were negligent in creating or failing to repair the depressed sewer grate.
The negligence cause of action is not barred by the firefighters' rule, because the risk of injury was not increased by Slockbower's performance of his official duties (see Wadler v City of New York, 14 NY3d 192, 194-195 [2010]). Slockbower had parked the van in order to direct traffic, but was not actually doing so when he fell (see Tighe v City of Yonkers, 284 AD2d 325 [2d Dept 2001]; Olson v City of New York, 233 AD2d 488 [2d Dept 1996]; Siciliano v City of NY, 2007 NY Slip Op 51630[U], *3 [Sup Ct, Richmond County 2007]). Although Slockbower admitted that he did not see the depressed sewer grate because he was "[l]ooking to see if there were any cars going by," and not at the ground, it is clear from the context of this statement that he was not looking at the cars for the purpose of directing traffic, but in order to exit the van safely.
Defendants established prima facie that they neither caused nor had actual notice of the depressed sewer grate. However, they failed to establish as a matter of law that they had no constructive notice of it (see Briggs v Pick Quick Foods, Inc., 103 AD3d 526 [1st Dept 2013]). They submitted no evidence of any prior inspections (see Savio v St. Raymond Cemetery, 160 AD3d 602 [1st Dept 2018]; Niu v Sasha Realty LLC, 151 AD3d 488, 489 [1st Dept 2017]). Moreover, they submitted photographs of the grate taken within weeks after the accident that Slockbower testified fairly and accurately depicted the site as it appeared on the day of the accident (see DeGiacomo v Westchester County Healthcare Corp., 295 AD2d 395 [2d Dept [*2]2002]). Because the nature of the defect, as depicted in the photographs, is not latent, and the defect would not have developed overnight, constructive notice may be inferred from its existence (see Johnson v 675 Coster St. Hous. Dev. Fund, 161 AD3d 635 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK