Spence v City of New York (2022 NY Slip Op 01194)





Spence v City of New York


2022 NY Slip Op 01194


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-11300
 (Index No. 512382/16)

[*1]Isiah Spence, appellant, 
v
City of New York, respondent.


Decolator Cohen & DiPrisco, LLP, Garden City, NY (Joseph L. Decolator of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jeremy W. Shweder and John Moore of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 2, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a police officer who was assigned to work a security post at a 911 call center, arrived by vehicle at a security barrier that restricted access to the call center building to authorized persons. The security barrier was operated by other police officers who lowered and raised it with the push of a button. Upon the plaintiff's arrival, a fellow officer lowered the barrier. The plaintiff was driving through when the officer became distracted and accidentally pushed the button to raise the barrier before the plaintiff's vehicle had cleared it. As a result, the front of the plaintiff's vehicle struck the security barrier, causing the vehicle to come to a complete stop and the airbags to deploy, thereby allegedly injuring him.
The plaintiff commenced this personal injury action against the City of New York, asserting a common-law negligence cause of action. The City subsequently moved for summary judgment dismissing the complaint, and the plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action under General Municipal Law § 205-e. The Supreme Court granted the City's motion and denied the plaintiff's cross motion. The plaintiff appeals.
The firefighter rule provides that police and firefighters may not recover in common-law negligence for line-of-duty injuries resulting from risks associated with the particular dangers inherent in that type of employment (see Wadler v City of New York, 14 NY3d 192, 194; Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 438-439). The rule "precludes a police officer or firefighter from recovering in tort when the performance of his or her duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury" (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d at 436).
Here, the City demonstrated, prima facie, that the firefighter rule barred the plaintiff's cause of action alleging common-law negligence. "An act taken in furtherance of a specific police function—entry into a protected [area], which only [the] plaintiff's police credentials allowed him [*2]to enter—exposed [the] plaintiff to the risk of this injury" (Wadler v City of New York, 14 NY3d at 196). Moreover, "[w]hether [the plaintiff] was on duty or not is not dispositive; police officers often, by the nature of their jobs, face significant risks even when they are not technically at work" (id.). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint.
The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action under General Municipal Law § 205-e. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Jin Liang Lin v Gee, 200 AD3d 666, 667 [internal quotation marks omitted]).
To recover under General Municipal Law § 205-e, "a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (Galapo v City of New York, 95 NY2d 568, 574 [internal quotation marks omitted]). "[T]he question of whether the defendant[ ] [has] 'failed to comply with a statute' is not answered merely by interposing a proper predicate" (Williams v City of New York, 2 NY3d 352, 365). "Liability cannot be imposed under section 205-e unless . . . a statute was, in fact, violated" (id. at 365).
Here, the plaintiff's proposed cause of action was palpably insufficient as the plaintiff did not allege any negligent conduct that violated the asserted statutes and regulations and either directly or indirectly caused his injury.
Accordingly, we affirm the order appealed from.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court