Inglese v City of New York (2025 NY Slip Op 02332)

Inglese v City of New York

2025 NY Slip Op 02332

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-00001
 (Index No. 522805/20)

[*1]Vincent Inglese, et al., respondents, 
v
City of New York, defendant, Vali Industries, Inc., appellant.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Amanda M. Rubildo of counsel), for appellant.
Carman Callahan & Ingham, LLP, Farmingdale, NY (Anne P. O'Brien and James M. Carman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Vali Industries, Inc., appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated November 3, 2022. The order denied that defendant's motion pursuant to CPLR 3025(b) for leave to amend its answer.
ORDERED that the order is affirmed, with costs.
On September 15, 2019, Vincent Inglese (hereinafter the injured plaintiff), a New York City firefighter, was a passenger in a City-owned fire truck as the truck was driven across a section of roadway in Brooklyn that had previously been repaired by the defendant Vali Industries, Inc. (hereinafter the defendant). The defendant's repairs allegedly resulted in the grade of the repaired section of road being substantially higher than the unrepaired road. This difference in road height allegedly caused the fire truck to lift off the road and suddenly drop as it crossed over the repaired section of road, causing the injured plaintiff to strike the top of his head on the ceiling of the truck.
The injured plaintiff, and his spouse suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against, among others, the defendant, alleging that the defendant was negligent in repairing the roadway. On November 10, 2021, the defendant moved pursuant to CPLR 3025(b) for leave amend its answer to include the affirmative defense of the "firefighter's rule." By order dated November 3, 2022, the Supreme Court denied the motion. The defendant appeals.
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Spence v City of New York, 202 AD3d 1124, 1126 [internal quotation marks omitted]; see Jin Liang Lin v Gee, 200 AD3d 666, 667). "No evidentiary showing of merit is required under CPLR 3025(b)" (Jin Liang Lin v Gee, 200 AD3d at 667 [internal quotation marks omitted]; see Caldara v County of Westchester, 197 AD3d 607, 608). "'The court need only determine whether the proposed amendment is "palpably insufficient" to state [*2]a cause of action or defense, or is patently devoid of merit'" (Caldara v County of Westchester, 197 AD3d at 608, quoting Lucido v Mancuso, 49 AD3d 220, 229).
"The firefighter's rule, which bars recovery in negligence for injuries sustained by a firefighter [or a police officer] in the line of duty, was abolished by General Obligations Law § 11-106, except as to actions against municipal employers and fellow police officers" (Maher v White, 184 AD3d 630, 632 [citation and internal quotations marks omitted]; see Matter of Diegelman v City of Buffalo, 28 NY3d 231, 239; Guiffrida v Citibank Corp., 100 NY2d 72, 76).
Since the defendant does not claim to be either a municipal employer or co-employee of the injured plaintiff, the proposed amendment was palpably insufficient and patently devoid of merit (see Spence v City of New York, 202 AD3d at 1126; Caldara v County of Westchester, 197 AD3d at 608). The defendant's contention that pursuant to General Municipal Law § 205-e the plaintiffs were required to assert a statutory violation is without merit, as the plaintiffs did not assert a cause of action pursuant to General Municipal Law § 205-e but instead seek to recover damages based on common-law negligence principles.
Accordingly, we affirm the order appealed from.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court